IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

*Filed* 10-1-08

Clerk, U. S. District Court
Western District of Texas

By _____
Deputy

EDWARD CARMONA,
        **Plaintiff,**

-vs-

        Case No.  A-06-CA-641-SS

SOUTHWEST AIRLINES COMPANY,
        **Defendant.**

---

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you are the judges of the facts. Do not consider any statement that I have made during the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

Any party seeking affirmative relief in a civil action such as this must prove its contentions by "a preponderance of the evidence." A preponderance of the evidence means the amount of evidence that persuades you a claim is more likely true than not true. In determining whether any

fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of a party's claim by a preponderance of the evidence, then you must find for the other party on that claim.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was. In making that decision I suggest you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with any party to the case? Did the witness have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that may help you determine the accuracy of what each witness said.

In making up your mind and reaching a verdict, you must think about the testimony of each witness and decide how much you believe of what each witness said. In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial. You should keep

in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot testify from the witness stand, that witness's testimony may be presented in the form of a deposition. This testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified in court.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in finding the truth as to the facts in this case. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, which is the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct

-3-

and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

It is the duty of the attorneys on each side to object when the other side offers testimony or other evidence which counsel believes is not properly admissible. When the Court has sustained an objection to a question, you are to disregard that question and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer. Upon allowing testimony or other evidence to be introduced over the objection of counsel, the Court does not indicate any opinion as to the weight or effect of such evidence. Also, when the Court asks questions of a witness, you are instructed not to assume the Court has any opinion on the matter to which the questions may relate.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You must think about the testimony of each witness and decide how much you believe of what each witness said. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all the other evidence you believe that single witness.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

In this case, the Plaintiff, Edward Carmona, filed this lawsuit and alleges he was employed by the Defendant Southwest Airlines Company as a flight attendant and was discriminated against because of his gender and/or his alleged disability. He alleges the Defendant terminated his employment in violation of federal law. Edward Carmona seeks compensatory damages.

The Defendant, Southwest Airlines Company, denies the Plaintiff's allegations of discrimination. Southwest Airlines contends it did not terminate Edward Carmona because of his gender or because of his alleged disability, but rather for excessive absenteeism. Southwest further contends Mr. Carmona is not "disabled" as that term is defined by law. The Defendant also contends the Plaintiff is not entitled to any damages.

The Plaintiff does not make a claim under the Family and Medical Leave Act, or FMLA, in this case.

Attached to this Jury Charge is a Verdict Form that has several questions. Before answering a particular question on the Verdict Form, you must consider the instructions for that question that are provided below. Bear in mind, members of the jury, you may or may not ultimately answer each question; so carefully follow the "roadmap" instructions on the Verdict Form to determine which questions you must answer.

### Question One

Question One asks, "Do you find, by a preponderance of the evidence, that Defendant Southwest Airlines terminated Plaintiff Edward Carmona's employment because of his gender?"

Answer "Yes" or "No."

Plaintiff claims the Defendant discriminated against him on the basis of his gender. Specifically, Plaintiff claims Defendant terminated his employment as a flight attendant with

Southwest Airlines because of his sex.  Defendant denies Plaintiff's claims and contends it terminated his employment because he had excessive absences under its contract with the flight attendants' union.

It is unlawful for an employer to discriminate against an employee because of the employee's gender.  To prove unlawful gender discrimination, the Plaintiff must prove by a preponderance of the evidence that the Defendant terminated him because of his gender.

The Plaintiff does not have to prove that unlawful discrimination was the only reason Defendant terminated the Plaintiff.  An employer may take adverse action against an employee for a good reason, a bad reason, a reason based on erroneous facts, or no reason at all, as long as its action is not for a discriminatory reason.  Employers are permitted to make their own subjective business judgments and business decisions, even if they appear to you to be mistaken, unreasonable, harsh or unfair.  The fact that you do not agree with Southwest Airlines' decision or feel it was unfair is not a basis for concluding Mr. Carmona's termination was unlawful discrimination.  An employer, like Southwest, has the discretion to determine how to organize and run its operations.  Only if you decide the Plaintiff's gender was a motivating factor in the Defendant's decision can you decide in favor of the Plaintiff.  If you find from a preponderance of the evidence that gender was a motivating factor in the Defendant's decision to terminate Carmona, you should vote "Yes" on Question One.

You are further instructed that, if you disbelieve the reason Defendant has given for its decision to fire Plaintiff, you may, but are not required to, infer Defendant fired Plaintiff because of his gender.

Continue to Question Two.

**Question Two**

Plaintiff claims the Defendant discriminated against him on the basis of his alleged disability. Specifically, Plaintiff claims Defendant terminated his employment as a flight attendant with Southwest Airlines because of his alleged disability. Defendant denies Plaintiff's claims and contends it terminated his employment because he had excessive absences.

It is unlawful for an employer to discriminate against an employee because of an employee's disability. To prove unlawful discrimination based on disability, the Plaintiff must prove three elements by a preponderance of the evidence:

1)      The Plaintiff had a disability as defined by the Americans with Disabilities Act;

2)      Plaintiff was qualified for the job;

3)      Defendant terminated Plaintiff because of Plaintiff's disability.

Question Two asks, "Do you find, by a preponderance of the evidence, that Plaintiff Edward Carmona had a disability within the meaning of the Americans with Disabilities Act at the time Defendant Southwest Airlines terminated his employment?" Answer "Yes" or "No."

Under the Americans with Disabilities Act a disability means (1) a physical or mental impairment that substantially limits one or more major life activities; or (2) a record of such an impairment; or (3) being regarded as having such an impairment.

A person is substantially limited in a major life activity if he is (i) unable to perform the activity; or (ii) significantly restricted in the condition, manner, or duration under which he can perform the activity as compared to the average person in the general population. The following factors should be considered in determining whether an individual is substantially limited in a major

life activity: (i) the nature and severity of the impairment; (ii) the duration or expected duration of the impairment; and (iii) the permanent or long term impact, or the expected permanent or long term impact, of or resulting from the impairment. A major life activity is an activity that is important or significant, but it does not necessarily have to be public, economic, or undertaken daily. Major life activities are those basic activities that the average person in the general population can perform with little or no difficulty, and they include, but are not limited to, such things as caring for oneself, performing manual tasks that are central to daily life, walking, seeing, hearing, speaking, breathing, learning, working, eating, lifting, reaching, sitting, standing, and reproduction. A person has a record of such an impairment if he has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities. A person is regarded as having such an impairment if he: (i) has a physical or mental impairment that does not substantially limit major life activities, but is treated by Defendant as having a substantially limiting impairment; or (ii) has a physical or mental impairment that substantially limits one or more major life activities, but only because of the attitudes of others toward the impairment; or (iii) has no actual impairment at all, but is treated by Defendant as having a substantially limiting impairment.

If you answered "Yes" to Question Two, continue to Question Three. If you answered "No" to Question Two but "Yes" to Question One, skip Question Three and continue to Question Four. If you answered "No" to Questions One and Two, answer no further questions.

### Question Three

Question Three asks, "Do you find, by a preponderance of the evidence, that Defendant Southwest Airlines terminated Plaintiff Edward Carmona's employment because of his alleged disability?" Answer "Yes" or "No."

If you answered "Yes" to Question Two, then in order to prove unlawful discrimination based on disability the Plaintiff must prove, by a preponderance of the evidence, the remaining two elements, namely that the Plaintiff was qualified for the job and the Defendant terminated Plaintiff because of his disability.

A qualified individual is one who, with or without reasonable accommodations, can perform the essential functions of the job. Essential functions are those that are fundamental to the job at issue. The term does not include the marginal functions of a job. In deciding whether a function is essential, you may consider a variety of factors: (i) the reasons the job exists, (ii) the number of employees Defendant has to perform that kind of work, (iii) the degree of specialization the job requires, (iv) Defendant's judgment as to which functions are essential, (v) written job descriptions prepared before advertising or interviewing applicants for the position, (vi) the consequences of not requiring an employee to satisfy that function, and (vii) the work experience of others who held the position. You may also consider other factors.

The Plaintiff does not have to prove that unlawful discrimination was the only reason Defendant terminated the Plaintiff. An employer may take adverse action against an employee for a good reason, a bad reason, a reason based on erroneous facts, or no reason at all, as long as its action is not for a discriminatory reason. Employers are permitted to make their own subjective business judgments and business decisions, even if they appear to you to be mistaken, unreasonable, harsh or unfair. The fact that you do not agree with Southwest Airlines' decision or feel it was unfair is not a basis for concluding Mr. Carmona's termination was unlawful discrimination. An employer, like Southwest, has the discretion to determine how to organize and run its operations. Only if you decide the Plaintiff's disability was a motivating factor in the Defendant's decision can you decide

in favor of the Plaintiff.  If you find from a preponderance of the evidence that the Plaintiff's disability was a motivating factor in the Defendant's decision to terminate Carmona, you should vote "Yes" on Question Three.

You are further instructed that, if you disbelieve the reason Defendant has given for its decision to fire Plaintiff, you may, but are not required to, infer Defendant fired Plaintiff because of his disability.

If you answered "Yes" to Question Three, continue to Question Four.  If you answered "No" to Question Three but "Yes" to Question One, continue to Question Four.  If you answered "No" to Question One and Question Three, answer no further questions.

**Question Four**

Question Four asks, "What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff  for any damages resulting from Defendant's discrimination?" Answer in dollars and cents, if any.

Question Four is a question regarding damages.  If you answered "Yes" to Question One and/or Question Three, you must determine what amount, if any, is fair compensation for Plaintiff Carmona's damages.  Consider damages only if necessary.  If Plaintiff has proven his claim against Defendant by a preponderance of the evidence, you must determine the damages to which he is entitled. You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe Plaintiff Carmona should, or should not, win this case.  It is your task first to decide whether the Defendant is liable.  I am instructing you on damages only so that you will have guidance in the event you decide the Defendant is liable and the Plaintiff is entitled to recover money from Defendant.  The damages sought are called compensatory damages.  The

purpose of compensatory damages is to make the Plaintiff, Edward Carmona, whole—that is, to compensate him for the damage, if any, he has suffered to date.

You may award compensatory damages only for injuries Edward Carmona proves resulted from Defendant's wrongful conduct. The damages you award must be fair compensation for all of the Plaintiff's injuries, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that he is reasonably likely to suffer in the future. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

a.  Past lost income to date reduced by interim earnings;

b.  Future lost income reduced to present value;

c.  Past emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses; and

d.  Future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

If you find by a preponderance of the evidence that Plaintiff is reasonably certain to suffer damages in the future from Defendant's actions, then you should award him the amount you believe would fairly compensate him for such future damages.  Future lost income includes lost wages in the future.  An award of future lost income necessarily requires that payment be made now for a loss that Plaintiff will not actually suffer until some future date.  If you should find that Plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.  You must reduce any award of future lost income to present value by considering the interest the Plaintiff could earn on the amount of the award if he made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the Plaintiff if he receives it today than if she received it in the future, when she would otherwise have earned it. It is more valuable because the Plaintiff can earn interest on it for the period of time between the date of the award and the date she would have earned the money.  Thus, you should adjust the amount of any award for future loss of income by the amount of interest that the Plaintiff can earn on that amount in the future.

However, you must not make any adjustment to present value for any damages you may award for future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

You must not award compensatory damages more than once for the same injury.  The Plaintiff is only entitled to be made whole once, and may not recover more than she has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the Plaintiff fully for all of his injuries.

-12-

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.  If you find the Defendant is liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort.  If you find by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.  You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing his damages.  An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages.  However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.  The Defendant has the burden of proving the damages which the Plaintiff could have mitigated.  In deciding whether to reduce the Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied its burden of proving the Plaintiff's conduct was not reasonable.

Answer no further questions.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

-13-

Remember, in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case. Do not let bias, prejudice or sympathy play any part in your deliberations. State agencies, corporations, and all other persons are equal before the law and must be treated as equals in this court.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as the exhibits the Court has admitted into evidence. Select your Presiding Juror and conduct your deliberations. If you recess during your deliberations, follow all of the instructions the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Presiding Juror is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the courtroom security officer, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom for other verbal instructions. If you send a written message or question to the Court, however, do not volunteer any information on the progress of the jury in reaching a verdict. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

Submitted the ___1st___ day of October 2008, at 2:30 o'clock p. m.

_Sam Sparks_

SAM SPARKS
UNITED STATES DISTRICT JUDGE

-14-